

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Maureen Moore, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Madam:

Opinion No. 0-7299
Re: Legality of an employment
agency operating under what
it terms "Personnel Services"
under the provisions of the
Employment Agency Law.

This is to acknowledge receipt of your letter of
July 15, 1946, which is quoted in part:

"An employment agency desires to operate
under what it terms 'personnel services' plan.
This agency is planning to use the following
type of advertisement:

"PERSONNEL SERVICES

. Professional Placement Service
. Personnel Consulting Services,
Including

1. Employee Morale Surveys
2. Employee Publications and Handbooks
Prepared for Individual Firms.

"It is also the purpose of the agency to charge
the regular fee when the applicant is placed on the
job and in addition, desires to operate the additional
service to employers for a fee.

"Does the Employment Agency Law permit such a
practice? If they cannot charge a fee, are they per-
mitted to offer these services to employers without
cost through their agency?"

Honorable Maureen Moore - Page 2

Your first question whether the agency may insert an advertisement stating that its "personnel services" consist of Professional Placement Services and Personnel Consulting Services Including (1) Employee Morale Surveys and (2) Employees Publications and Handbooks Prepared for Individual Firms is answered as follows:

Article 1593a, Section 13, Vernon's Code of Criminal Procedure, in part reads:

"Sec. 13. No employment or labor agent shall:

"(b) Advertise his agency by means of cards, circulars, signs or in newspapers or other publications, unless such advertisements shall set forth the name of the agent and the address of his employment office; nor shall any such licensed person use any letterheads or blanks not containing the name of such employment or labor agent and the address of his employment office.
"(c) Publish or cause to be published any false or misleading advertisement or notice relating to his employment agency.

"(d) Give any false information or make any false representation concerning employment to any applicant for employment."

We presume that the employment or labor agent will comply with the requirement of setting forth in the advertisement the name and address of the employment or labor agent. Assuming the matter not to be false or misleading such notice is not objectionable under clauses (c) and (d).

Your second question whether the agency may charge a fee to the employer for conducting certain services is answered as follows:

Article 5221-a-4, Vernon's Annotated Civil Statutes, states in part:

"Sec. 11. Where a fee is charged for obtaining employment such fee in no event shall exceed the sum of Three ($3) Dollars, which may be collected from the applicant only after employment has been obtained

Honorable Maureen Moore - Page 3

and accepted by the applicant; provided, however, employment or labor agents engaged exclusively in providing employment for skilled, professional, or clerical positions may charge, with the written consent of the applicant, a fee, not to exceed thirty (30) per centum of the first month's salary, which may be collected from the applicant only after employment has been obtained and accepted by the applicant."

Close examination of the Employment Agency Law fails to disclose any light on whether an agency may charge an employer fees for consulting services. It is felt that the purpose of the act is to protect prospective employees who may be in severe need of employment from the stronger position of the employment agencies. Since the Act does not prevent the practice sought to be engaged in here, such practice is permissible. However, the agency cannot use this practice in such a way that the applicant is charged more than the legal fee.

We trust that this information will answer your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By James Anderson Jr.

James Anderson, Jr.,
Assistant

JA:zd

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN